```
              IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| ALFRED EARL CHRISTIANSEN, | HON. JEROME B. SIMANDLE |
| Plaintiff, | Civil Action<br>No. 07-2749(JBS) |
| v. | |
| CAMDEN COUNTY, et al., | **MEMORANDUM OPINION** |
| Defendants. | |

**SIMANDLE**, District Judge:

   This matter comes before the court upon Plaintiff's motion for reconsideration [Docket Item 14] of the Court's November 26, 2007 Order granting Defendants' unopposed motion to dismiss this action for failure to exhaust available administrative remedies as 42 U.S.C. § 1997e(a) requires.  The Court has considered all submissions, including Plaintiff's belated opposition to the motion to dismiss [Docket Item 13], and for the reasons that follow, shall deny Defendant's motion for reconsideration:

1. Local Civil Rule 7.1(i) of the United States District Court, District of New Jersey, governs the instant motion for reconsideration.  That rule requires that the moving party set forth the factual matters or controlling legal authority that it believes the court overlooked when rendering its initial decision.  L. Civ. R. 7.1(i).  Whether to grant reconsideration is a matter within the district court's discretion, but it should only be granted where such facts

>
> or legal authority were indeed presented but overlooked.
> <u>DeLong Corp. v. Raymond Int'l, Inc.</u>, 622 F.2d 1135, 1140 (3d
> Cir. 1980), <u>overruled on other grounds by Croker v. Boeing
> Co.</u>, 662 F.2d 975 (3d Cir. 1981); <u>Williams v. Sullivan</u>, 818
> F. Supp 92, 93 (D.N.J. 1993).  A "motion for reconsideration
> is not a vehicle to reargue the motion or to present
> evidence which should have been raised before."  <u>Bermingham
> v. Sony Corp. of America, Inc.</u>, 820 F. Supp. 834, 856-67
> (D.N.J. 1992), <u>aff'd</u>, 37 F.3d 1485 (3d Cir. 1994).  A motion
> for reconsideration is improper when it is used solely to
> ask the court to rethink what it has already thought through
> rightly or wrongly.  <u>Oritani Savings & Loan Assoc. v.
> Fidelity & Deposit Co.</u>, 744 F. Supp. 1311, 1314 (D.N.J.
> 1990) (citations omitted).

2. "A motion for reconsideration shall be served and filed within 10 business days after the entry of the order or judgment on the original motion . . . ."  The Order in this case was entered Tuesday, November 27, 2007, and Plaintiff's time to move for reconsideration expired after December 12, 2007.  However, he filed his motion December 17, 2007, beyond the time required by the Rule.  Therefore the Court may deny the motion as untimely.

3. Even assuming the motion had been timely filed, the Court would deny the motion for reconsideration because neither it

    nor the belated opposition to the motion to dismiss makes any argument that Plaintiff actually exhausted available administrative remedies in the prison prior to instituting this action.  Instead, Plaintiff argues that there is a material dispute of fact whether Defendants actually violated his rights.  The Court may not address that issue until Plaintiff has exhausted his available remedies, pursuant to 42 U.S.C. § 1997e(a).  While Plaintiff alleges that Defendants were actually aware of his complaints, that is not sufficient.  The statute requires exhaustion of all available remedies.

4. Because the motion is untimely and because Plaintiff has failed to set forth any factual matter or legal authority that requires the Court to reconsider its Order dismissing this action, the Court shall deny the motion for reconsideration.

**December 18, 2007**          **s/ Jerome B. Simandle**
Date          JEROME B. SIMANDLE
        U.S. District Judge